## NEWKIRK vs. MORRIS and others.

Each of eight persons obtained a judgment against D. Upon the 15th February, 1856, the executions being returned unsatisfied, an order was made to compel D. to make discovery, by virtue of the act of March, 1850, entitled, "An act to prevent fraudulent trusts and assignments. On the 28th of June following, M. was appointed receiver, by one and the same order, in the eight different suits. In the order, it was adjudged that D., the judgment debtor, was possessed of a certain sum of money and a certain note. D. had been arrested and held to bail in these suits, and on the 18th February, three days after the order, he was surrendered by his bail, and on the same day gave an insolvent's bond; and on the 5th August following, being discharged as an insolvent, made an assignment to N., the complainant in this suit. The money and the note, adjudged by the order to be in the hands of D., were paid over by him to his assignee. M., the receiver, brought suit at law under the statute to recover of the assignee these moneys. The assignee files this bill, praying that he may deposit the money and note in this court, and that the receiver may be restrained from his suit at law.

*Held*, that the only matter in controversy is a pure question of law, arising upon the construction of the statute.

That there is no question of equity between the parties. If the order made by the court upon the return of the executions at law gives to the judgment creditor a lien upon the property against a subsequent *bona fide* purchaser, creditor, or alienee, either voluntary or involuntary, and the receiver has been duly appointed, then he is entitled to recover the property at law, and the determination of that suit settles all dispute to the property.

The judgment at law will be a protection to the complainant, and there appearing no reason for changing the form of litigation, the bill must be dismissed.

Although all the parties have submitted to the jurisdiction, as the case is not free from difficulty, the bill, under the circumstances of the case, will not be retained.

*Query*, whether one single order, appointing a receiver under the act, can be made for eight suits brought by different parties?

---

*Gilchrist*, for complainants.

*Weart, Zabriskie*, and *Wakeman*, for defendants.

THE CHANCELLOR. Several judgments were obtained by the defendants, as different plaintiffs in eight different suits, in the Circuit Court of the county of Hudson,

against one Jacob Danielson. Upon the return of executions unsatisfied, the court, on the 15th of February, 1856, made an order to compel Danielson to make discovery of his property under oath. Such other proceedings were had that, on the twenty-eighth of June, the court appointed William C. Morris as receiver. This appointment was made by *one* and the same order in the eight different suits. In the order, it is adjudged, that the said Jacob Danielson had, at the time of the issuing the executions, and at the time of his examination, property, money, and things in action, held by him and due to him, over and above such property as is reserved to him by law, to an amount exceeding fifty dollars, to wit, cash in his own hands amounting to fourteen hundred dollars; and also property, and money, and things in action, held in trust for him, to an amount exceeding fifty dollars, to wit, three hundred dollars cash in the hands of Adonijah S. Boyd, and seven hundred dollars and sixty-seven cents due him on a note of Jacob D. Danielson. These proceedings were had under the act of March, 1850, entitled, "An act to prevent fraudulent trusts and assignments."

Danielson had been arrested in these same suits, and had been held to bail. On the 18th of February, three days after the order for Danielson to appear and make discovery, but before his examination, he was surrendered in discharge of his bail. On that day he gave to the sheriff a bond, as required by the statute, in each of said suits, accompanied by an inventory, under oath, of all his goods, &c. On the 5th of August following, he was discharged as an insolvent debtor, and made an assignment, as required by law, to the complainant in this suit. At the time of the assignment, and in presence of the court, Danielson paid over and delivered to the complainant, as assignee, the promissory note made by Jacob D. Danielson for the sum of seven hundred and sixty-seven dollars, and in cash the sum of fifteen hundred and seventy dollars. It is admitted that this is the same note and money

of which Danielson made discovery in his examination under the order of the court.

The receiver has brought an action at law, as he is authorized by the statute, against the complainant, to recover from him the note and money. The complainant files his bill upon the foregoing facts, and prays that he may be permitted to deposit the promissory note, and pay the money into this court, and that the receiver may be restrained from further prosecuting his suit at law.

The. question is at once presented—what right has the complainant to invoke the jurisdiction of this court to stay the receiver in his suit at law, and change the forum of litigation which the receiver has selected to determine his claim ?

The only question to be determined between the parties is as to the legal claims of the receiver and the assignee to the property in dispute. It is a pure question of law arising upon the construction of the statute of 1850. If the orders made by the court upon the return of the executions at law give to the judgment creditors a lien upon the property against a subsequent *bona fide* purchaser, creditor, or alienee, either voluntary or involuntary, and the receiver has been duly appointed, then he is entitled to recover the property at law. The determination of that suit settles all dispute to the property. There is no question of mere equity arising between the parties, or which can in any way affect or control their legal rights. There is no discovery asked for by the bill, and none is needed, and no action on the part of the court which can afford any relief whatever to the parties which would not be obtained by the judgment of the court at law in the suits already instituted.

The reason which the complainant gives for instituting this suit is, that he has no interest in the question ; that he is willing to pay the money to whoever may be legally entitled to it ; that it is claimed by the receiver, and that the creditors, who claim under the assignment to him,

threaten to sue him if he pays over the property to the receiver. But this suit does not better his condition. A judgment in the suit at law would be as complete a protection to him as any decree this court could possibly make. There is no danger of a multiplicity of suits. There are only two parties in interest—the judgment creditors on one side, who are represented by the receivers, and the other creditors of Danielson claiming under the assignment, who are represented by the complainant.

Here, then, is a pure question of law to be determined between these parties. Its decision terminates all controversies, and secures the rights of all parties interested in the question. A court of law is the proper tribunal to determine the matters at issue. One of the parties has selected the appropriate tribunal. The other asks that this court may interfere—stay the further progress of the suit which has been properly commenced in another court—and assume jurisdiction merely for the purpose of determining a pure question of law, which does not legitimately belong to the court. I deem it inexpedient for this court to retain a cause under such circumstances.

But it may be said, the parties have all submitted to the jurisdiction, and as they are all here, and willing that the court should determine their rights, it is but justice to all concerned that the court should not dismiss them for further litigation. If the case were a perfectly clear one, the suggestion would induce me to decide the controversy. There are, however, some legal difficulties, growing out of the proceedings of the court appointing the receiver, which render his right to receive this money extremely doubtful. The answer of some of the defendants puts in issue these proceedings, and disputes their validity. I will refer to only one of them, to which objection is made. The foundation of the receiver's right to recover is the *order* appointing him receiver. It is insisted that there was no order made in any one of the

suits. Upon producing the record, it appears that the court did not make any order in any one of the suits, but made one single order for eight suits. This raises the question—whether any number of judgment and execution creditors have a right to unite together, and prosecute their claims under the statute? Can they prosecute their claims under the statute *jointly?* I am not prepared to answer that question in the affirmative. If they cannot, this order is not irregular merely—it is void.

The legal questions involved in the controversy are of general interest. They ought to be determined by the court first selected by the parties. That is the appropriate tribunal for their decision.

The bill must be dismissed. The parties having agreed in writing as to the costs, the decree will conform to the agreement in that respect.